# EXHIBIT 1

Duane E. Okken (007470)
Attorney at Law
8514 E. Montecito
Scottsdale, Arizona  85251
(480) 949-5134
dokken@sprintmail.com
Attorney for Plaintiff

COPY

MAY 1 3 2010

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| ROXANNE ROGERS, a single woman, | Case No.:   CV2010-005178 |
| Plaintiff, | **COMPLAINT** |
| vs. | (CLAIM FOR OVERTIME WAGES) |
| BRAUER LAW OFFICES, PLC, an Arizona professional limited liability company, **ADAM BRAUER**, a single man, **STEVEN W. ZACHARY and JANE DOE ZACHARY**, husband and wife, **GEORGE SOMARA and JOHANNA SOMARA**, husband and wife, | |
| Defendants. | |

Plaintiff, by and through her undersigned attorney, hereby complains and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff is a resident of Apache County, Arizona.

1

2. Defendant Brauer Law Offices, PLC, ("BLO") is an Arizona limited liability company with its principal place of business in Scottsdale, Maricopa County, Arizona.

3. On information and belief, all natural Defendants are residents of Maricopa County, Arizona.

4. Defendant Steven W. Zachary ("Defendant Zachary") and Jane Doe Zachary (collectively, "Defendants Zachary") are husband and wife, and all actions taken or not taken by the husband were done so on behalf of the marital community and the marital community is liable for all such action and/or omissions.  Plaintiff will provide the proper name of "Jane Doe" when her true name is ascertained.

5. Defendant George Somara ("Defendant Somara") and Johanna Somara (collectively, "Defendants Somara") are husband and wife, and all actions taken or not taken by the husband were done so on behalf of the marital community and the marital community is liable for all such action and/or omissions.

6. This Court has jurisdiction of this action pursuant to, among other things, A.R.S. §12-123 and 29 U.S.C. §216(b).

7. Venue lies in this Court pursuant to, *inter alia*, A.R.S. §12-401.

## ALLEGATION COMMON TO ALL COUNTS

8. From November 24, 2008 until March 12, 2010, Plaintiff was employed by Defendant Brauer Law Offices, PLC as a telemarketer.

2

9.  Although Plaintiff's job was a telemarketer, plain and simple, Defendant BLO entitled her position "Program Coordinator".

10.  With perhaps rare exception, during every week that Plaintiff was employed by Defendant BLO, Plaintiff worked tens-of-hours of work beyond 40 hours each week (a.k.a. "overtime") including, without limitation, early mornings, skipped lunches/lunches at desk while continuing to work, late evenings and weekends.

11.  On information and belief, Defendants expected and demanded that Plaintiff work overtime hours for them.

12.  Among other things, Defendants would demand quotas (i.e. successfully signing up new clients) of employees in Plaintiff's position.  Reaching those quotas was **only** possible if the employee worked overtime.

13.  On information and belief, any employees failing to achieve said quotas were fired by Defendants.

14.  On information and belief, one reason Defendants entitled Plaintiff's telemarketing position "Program Coordinator" was so that they might attempt to argue that the position fell under some exemption to the overtime laws and, therefore they could argue there was no obligation to pay overtime.

## Count One
### (Fair Labor Standards Act - Overtime)

15.  Plaintiff realleges and incorporates those allegations set forth above.

3

16.  On information and belief, Defendant Adam Bauer ("Bauer") was and is the owner, principal and sole member of Defendant Brauer Law Offices, PLC.

17.  On information and belief, Defendant Brauer is licensed as an attorney in other jurisdictions; but not in the State of Arizona.

18.  On information and belief, Defendant Brauer is deemed an "employer" for purposes of the Fair Labor Standards Act, including, without limitation, 29 U.S.C. §216, and is co-equally liable with Defendant BLO for all matters in this Count.

19.  On information Defendant Zachary is the "Managing Attorney" at the Defendant BLO.

20.  On information and belief, Defendant Zachary is deemed an "employer" for purposes of the Fair Labor Standards Act, including, without limitation, 29 U.S.C. §216, and Defendants Zachary are co-equally liable with Defendant BLO for all matters in this Count.

21.  On information and belief, Defendant Somara was the "Director of Operations" at Defendant BLO.

22.  On information and belief, Defendant Somara is deemed an "employer" for purposes of the Fair Labor Standards Act, including, without limitation, 29 U.S.C. §216, and Defendants Somara are co-equally liable with Defendant BLO for all matters in this Count.

23. While employed at Defendant BLO, Plaintiff consistently worked tens-of-hours of overtime each week.

24. Defendants purposely and willfully chose not to pay, and refused to pay, Plaintiff for her overtime.

25. Under 29 U.S.C. §216 Defendants are liable to Plaintiff for an amount equal to 1½ times her regular pay rate for each hour of overtime works each week.

26. Under 29 U.S.C. §216 Defendants are liable to Plaintiff for an additional amount equal to the amount set forth in the preceding paragraph as liquidated damages.

27. Additionally, under 29 U.S.C. §216, Defendants are liable to Plaintiff for her attorneys' fees and cost incurred in this action.

Wherefore Plaintiff prays for judgment against Defendants and all of them, jointly and individually as follows:

A. For an amount equal to 1½ times Plaintiff's regular rate for each hour of overtime Plaintiff worked while at Defendant BLO.

B. For an additional amount equal to the amount awarded in Paragraph A above as liquidated damages.

C. For Plaintiff's attorneys' fees and costs incurred.

D. For Plaintiff's costs incurred in this action.

E. For prejudgment interest, at the highest legal rate, on all amounts set forth in subsections A and B above from the date of the payment due for that pay period until paid in full.

F. For post-judgment interest on all awards from the date of such award until paid in full at the highest legal rate.

G. For such other relief as is appropriate in the circumstances.

## Count Two
### (Failure To Pay Wages – A.R.S. §23-355)

28. Plaintiff realleges and incorporates those allegations set forth above.

29. On information and belief, Defendants failed to pay Plaintiff "wages" (as that term is defined by A.R.S. §23-350) in an amount equal to 1½ times Plaintiff's regular rate for each hour of overtime Plaintiff worked while at Defendant BLO.

30. On information and belief, Defendants' failure to pay Plaintiff said wages was willful, unreasonable, and in bad faith.

31. Pursuant to A.R.S. §23-355, Plaintiff is entitled to an award of treble the amount calculated pursuant to paragraph 29 above.

32. Pursuant to, *inter alia*, A.R.S. §12-341.01, Plaintiff is entitled to an award of her attorneys' fees and costs incurred in this action.

Wherefore Plaintiff prays for judgment against Defendant BLO (reserving the right to allege liability of others) as follows:

A.   For an amount equal to 1½ times Plaintiff's regular rate for each hour of overtime Plaintiff worked while at Defendant BLO.

B.   An additional award of treble the amount calculated pursuant to the preceding paragraph.

C.   For Plaintiff's attorneys' fees and costs incurred in this action.

D.   For Plaintiff's costs incurred in this action.

E.   For prejudgment interest, at the highest legal rate, on all amounts set forth in subsections A and B above from the date of the payment due for that pay period until paid in full.

F.   For post-judgment interest on all awards from the date of such award until paid in full at the highest legal rate.

G.   For such other relief as is appropriate in the circumstances.

Respectfully submitted this 13th day of May, 2010.

Duane E. Okken
Attorney at Law
8514 E. Montecito
Scottsdale, Arizona 85251
Attorney for Plaintiff

7

# EXHIBIT 2

COPY

1    Duane E. Okken (007470)
     Attorney at Law
2    8514 E. Montecito
     Scottsdale, Arizona 85251
3    (480) 949-5134
     dokken@sprintmail.com
4    Attorney for Plaintiff

5

MAY 1 3 2010

6         IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7           IN AND FOR THE COUNTY OF MARICOPA

8    ROXANNE ROGERS, a single woman,     )    Case No.: _____ CV2010-005178

9            Plaintiff,                 )    **CERTIFICATE ON COMPULSORY**
                                   )    **ARBITRATION**

10        vs.                           )

11    **BRAUER LAW OFFICES, PLC,** an
     Arizona professional limited liability
12    company, **ADAM BRAUER,** a single
     man, **STEVEN W. ZACHARY and**
13    **JANE DOE ZACHARY,** husband and
     wife, **GEORGE SOMARA and**
14    **JOHANNA SOMARA,** husband and wife,)

15             Defendants.             )

16

17

18       The undersigned certifies that he or she knows the dollar limits and any other

19    limitations set forth by the local rules of practice for the applicable superior court, and

20    further certifies that this case IS NOT subject to compulsory arbitration, as provided by

21    Rules 72 through 76, Arizona Rules of Civil Procedure.

22       RESPECTFULLY SUBMITTED this 13th day of May, 2010.

23

24

25                    Duane E. Okken
                       Attorney at Law
                       Attorney for Plaintiff

# EXHIBIT 3

1   Duane E. Okken (007470)
    Attorney at Law
2   8514 E. Montecito
    Scottsdale, Arizona 85251
3   (480) 949-5134
    dokken@sprintmail.com
4   Attorney for Plaintiff

5

6

7   IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8   IN AND FOR THE COUNTY OF MARICOPA

9                                                   CV2010-005178

10  **ROXANNE ROGERS**, a single woman,  )   Case No.:
                                         )
11              Plaintiff,               )   **SUMMONS**
                                         )
12        vs.                            )
                                         )
13  **BRAUER LAW OFFICES, PLC**, an      )
    Arizona professional limited liability )  If you would like legal advice from a lawyer,
14  company, **ADAM BRAUER**, a single   )   contact the Lawyer Referral Service at
    man, **STEVEN W. ZACHARY** and       )
15  **JANE DOE ZACHARY**, husband and    )            602-257-4434
    wife, **GEORGE SOMARA and**          )                or
16  **JOHANNA SOMARA**, husband and wife,)       www.lawyerfinders.org
                                         )             Sponsored by the
17              Defendants.              )       Maricopa County Bar Association
                                         )
18                                       )
                                         )
19  _____ )

20  **THE STATE OF ARIZONA TO THE DEFENDANT(S):**

21  Brauer Law Offices, PLC             Adam Brauer
    Steven W. Zachary and Jane Doe Zachary
22  George Somara and Johanna Somara

23        **YOU ARE HEREBY SUMMONED** and required to appear and
    defend, within the time applicable, in this action in this Court. If served within Arizona,
24  you shall appear and defend within 20 days after the service of the Summons and

25

                                        1

Complaint upon you, exclusive of the day of service. If served out of the State of Arizona - - whether by direct service, by registered or certified mail, or by publication - - you shall appear and defend within 30 days after the service of the Summons and Complaint upon you, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer, or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. A.R.C.P. 4.1 and 4.2; A.R.S. §§20-222, 28-502, and 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any answer or response upon the plaintiff's attorney. RCP 10(d); A.R.S. § 12-311; R.C.P. 5.

Request for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least 3 judicial days in advance of a scheduled court proceeding.

SIGNED AND SEALED:_____.   COPY

MAY 1 3 2010

Michael K. Jeanes, Clerk of the Superior Court

DEPUTY CLERK

By:_____
                Deputy Clerk

2

# EXHIBIT 4

1
2
3
4
5
6
7

BRYAN CAVE LLP, #00145700
Jay A. Zweig, #011153
Melissa R. Costello, #020993
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7300
Fax: (602) 716-8300
jay.zweig@bryancave.com
melissa.costello@bryancave.com
Attorneys for Defendants

MICHAEL K. JEANES, CLERK
RECEIVED OCH
DOCUMENT DEPOSITORY

10 AUG -9 PM 3: 28

8
9
10

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| ROXANNE ROGERS, a single woman,<br><br>        Plaintiff,<br><br>vs.<br><br>BRAUER LAW OFFICES, PLC, an Arizona professional limited liability company, ADAM BRAUER, a single man, STEVEN W. ZACHARY and JANE DOE ZACHARY, husband and wife, GEORGE SOMARA and JOHANNA SOMARA, husband and wife,<br><br>        Defendants. | No.  CV2010-005178<br><br><br>**DEFENDANTS' ANSWER TO COMPLAINT**<br><br><br>(Assigned to the Hon. George Foster) |

11
12
13
14
15
16
17
18
19
20
21

22
23
24

        Defendants Brauer Law Offices, PLC, Adam Brauer, Steven W. Zachary and Jane Doe Zachary, and George Somara and Johanna Somara, for their Answer to Plaintiff's Complaint, admit, deny, and affirmatively allege as follows:

25

**ANSWER TO GENERAL ALLEGATIONS**

26
27
28

        1.        Admit paragraph 1, upon information and belief.

        2.        Admit paragraph 2.

        3.        Admit paragraph 3.

673191

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1    4.    Deny paragraph 4.

2    5.    Answering paragraph 5, admit only that Defendants George Somara
3  ("Somara") and Johanna Somara are married, deny that they took any individual or
4  marital community actions with regard to Plaintiff's employment with Brauer Law
5  Offices, PLC ("BLO"), affirmatively allege that they did not exercise any supervisory
6  authority over Plaintiff and that they did not exert sufficient control over significant
7  aspects of BLO's operations with respect to Plaintiff, affirmatively allege that any
8  actions they took were in the course and scope of Somara's employment at BLO, and
9  deny the remaining allegations of paragraph 5.

10    6.    Answering paragraph 6, affirmatively allege that Defendants never
11  violated any Arizona or United States law, and admit the remaining allegations of
12  paragraph 6.

13    7.    Admit paragraph 7.

14    **ANSWER TO GENERAL ALLEGATIONS**

15    8.    Answering paragraph 8, admit and affirmatively allege BLO hired
16  Plaintiff as an at-will para-professional employee on November 24, 2008, and deny the
17  remaining allegations of paragraph 8.

18    9.    Answering paragraph 9, admit that Plaintiff was a Program Coordinator
19  for BLO, affirmatively allege that Plaintiff was a para-professional acting under the
20  supervision of an attorney at all times, and deny the remaining allegations of paragraph
21  9.

22    10.    Deny paragraph 10.

23    11.    Deny paragraph 11.

24    12.    Deny paragraph 12.

25    13.    Deny paragraph 13.

26    14.    Deny paragraph 14.

27

28

673191.3

## ANSWER TO COUNT ONE
### (Fair Labor Standards Act – Overtime)

15.     Answering paragraph 15, Defendants incorporate paragraphs 1 through 14 of their Answer.

16.     Admit paragraph 16.

17.     Admit paragraph 17.

18.     Answering paragraph 18, affirmatively allege that Adam Brauer ("Brauer") did not exercise any direct supervisory authority over Plaintiff, affirmatively allege that any actions he took were in the course and scope of his employment and status as the owner, principal and member of BLO, and deny the remaining allegations of paragraph 18.

19.     Admit paragraph 19.

20.     Answering paragraph 20, affirmatively allege that any actions Zachary took were in the course and scope of his employment and status as BLO's Managing Attorney, and deny the remaining allegations of paragraph 20.

21.     Deny paragraph 21.

22.     Answering paragraph 22, affirmatively allege that any actions Somara took were in the course and scope of his employment and status as Director of Paralegal and Client Services of BLO, and deny the remaining allegations of paragraph 22.

23.     Deny paragraph 23.

24.     Deny paragraph 24.

25.     Deny paragraph 25.

26.     Deny paragraph 26.

27.     Deny paragraph 27.

## ANSWER TO COUNT TWO
### (Failure to Pay Wages – A.R.S. § 23-355)

28.     Answering paragraph 28, Defendants incorporate paragraphs 1 through 27 of their Answer.

29.     Deny paragraph 29.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

3

673191.3

30. Deny paragraph 30.

31. Deny paragraph 31.

32. Deny paragraph 32.

## FURTHER AFFIRMATIVE DEFENSES

33. Defendants deny each and every allegation of Plaintiff's Complaint not specifically admitted in this Answer.

34. Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendants.

35. Defendants conducted themselves at all times in good faith and had reasonable grounds for Defendants to believe that their actions were not in violation of the Fair Labor Standards Act ("FLSA") or A.R.S. § 23-350, *et seq.*

36. To the extent that any violation of the Fair Labor Standards Act occurred, Defendants did not act intentionally or willfully, but at all times acted in good faith.

37. The Complaint and each purported cause of action alleged therein fails to support recovery of liquidated damages against Defendants.

38. Defendants are entitled to the Good Faith Immunity defense pursuant to 29 U.S.C. § 259 of the Portal-to-Portal Act.

39. Upon information or belief, all or part of the time for which Plaintiff seeks overtime pay does not constitute compensable or working time.

40. Plaintiff's claims are barred to the extent Plaintiff seeks recovery for de minimis infractions, de minimis compensatory time, or de minimis overtime pay.

41. Plaintiff has been paid in full relative to her employment with BLO.

42. To the extent that Plaintiff failed to mitigate her damages, accurately report her hours, or to avail herself of her employer's preventative or remedial systems, Plaintiff's claims are barred.

43. Plaintiffs claims are barred in whole or in part by exemptions, exclusions, and credits provided in Sections 7 and 13 of the Fair Labor Standards Act of 1938, as

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

4

amended, 29 U.S.C. §§ 207 and 213, and in parallel provisions under applicable state laws.

44.     Defendants had legitimate business reasons for any of their conduct with respect to Plaintiff.

45.     Plaintiff's alleged damages, if any, were caused or contributed to by her own acts, omissions, and wrongful conduct, and not by Defendants.

46.     Defendants deny any violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and rely upon all available defenses under the statute.

47.     To the extent Plaintiff is awarded damages, such damages should be reduced by any unemployment compensation awards or other payments made to Plaintiff that were intended to constitute, substitute for, or supplement wages or wage-related income.

48.     Plaintiff is not entitled to recovery of attorneys' fees or costs from Defendants.

49.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

50.     Defendants further allege the affirmative defenses of accord and satisfaction, estoppel, payment, waiver, laches, statute of limitations, lack of service of process, failure to satisfy statutory prerequisites to suit, and reserve the right to add such further affirmative defenses as are disclosed through the discovery process.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants Brauer Law Offices, PLC, Adam Brauer, Steven W. Zachary and Jane Doe Zachary, and George Somara and Johanna Somara, respectfully request that the Complaint be dismissed in its entirety, with Plaintiff to take nothing thereby; and for such further relief as this Court deems just.

///

///

///

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

673191.3

DATED this 9th day of August, 2010.

BRYAN CAVE LLP

By: _Melissa Costello_
    Jay A. Zweig
    Melissa R. Costello
    Two North Central Avenue, Suite 2200
    Phoenix, Arizona  85004-4406
    Attorneys for Defendants

**COPY** of the foregoing mailed this
9th day of August, 2010, to:

Duane E. Okken
Attorney at Law
8514 East Montecito
Scottsdale, Arizona 85251
Attorneys for Plaintiff

_Patricia Jennings_

673191.3

# EXHIBIT 5

1   BRYAN CAVE LLP, #00145700
2   Jay A. Zweig, #011153
    Melissa R. Costello, #020993
3   Two North Central Avenue, Suite 2200
    Phoenix, Arizona 85004-4406
4   Telephone: (602) 364-7300
    Fax: (602) 716-8300
5   jay.zweig@bryancave.com
6   melissa.costello@bryancave.com
    Attorneys for Defendants
7

MICHAEL K. JEANES, CLERK
RECEIVED OCH
DOCUMENT DEPOSITORY

10 AUG -9  PM 3: 28

8
                IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
9
                    IN AND FOR THE COUNTY OF MARICOPA
10

11  ROXANNE ROGERS, a single woman,        No.  CV2010-005178

12          Plaintiff,

13  vs.
                                           **DEFENDANTS' CERTIFICATE
14  BRAUER LAW OFFICES, PLC, an Arizona    REGARDING NO COMPULSORY
    professional limited liability company, ARBITRATION**
15  ADAM BRAUER, a single man, STEVEN
16  W. ZACHARY and JANE DOE
    ZACHARY, husband and wife, GEORGE      (Assigned to the Hon. George Foster)
17  SOMARA and JOHANNA SOMARA,
    husband and wife,
18
19          Defendants.

20

21          Defendants deny the allegations of Plaintiff's Complaint, but acknowledge that

22  Plaintiff has alleged that Plaintiff's claims exceed the limits set by Local Rules for

23  Compulsory Arbitration and, therefore, this case is <u>not</u> subject to compulsory

24  arbitration.

25  ///

26  ///

27  ///

28

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

673971

DATED this 9th day of August, 2010.

BRYAN CAVE LLP

By: _Melissa Costello_____

Jay A. Zweig
Melissa R. Costello
Two North Central Avenue, Suite 2200
Phoenix, Arizona  85004-4406
Attorneys for Defendants

**COPY** of the foregoing mailed this
9th day of August, 2010, to:

Duane E. Okken
Attorney at Law
8514 East Montecito
Scottsdale, Arizona 85251
Attorneys for Plaintiff

_____

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

2

673971

# EXHIBIT 6

1  BRYAN CAVE LLP, #00145700
2  Jay A. Zweig, #011153
   Melissa R. Costello, #020993
3  Two North Central Avenue, Suite 2200
   Phoenix, Arizona 85004-4406
4  Telephone: (602) 364-7300
   Fax: (602) 716-8300
5  jay.zweig@bryancave.com
6  melissa.costello@bryancave.com
   Attorneys for Defendants
7

8        IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9            IN AND FOR THE COUNTY OF MARICOPA

10

11 ROXANNE ROGERS, a single woman,          No. CV2010-005178
12           Plaintiff,
13 vs.                                        **NOTICE OF REMOVAL OF
                                              ACTION UNDER 28 U.S.C.**
14                                            **§§ 1331 AND 1441(a)**
   BRAUER LAW OFFICES, PLC, an Arizona
15 professional limited liability company,
   ADAM BRAUER, a single man, STEVEN W.
16 ZACHARY and JANE DOE ZACHARY,             (Assigned to the Hon. George Foster)
   husband and wife, GEORGE SOMARA and
17 JOHANNA SOMARA, husband and wife,
18
           Defendants.
19

20

21

22 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

23        PLEASE TAKE NOTICE that Defendants Brauer Law Offices, PLC, Adam

24 Brauer, Steven W. Zachary and Jane Doe Zachary, and George Somara and Johanna

25 Somara today filed their Notice of Removal of this action with the United States District

26 Court for the District of Arizona. A copy of the Notice of Removal filed with the United

27 States District Court on August 10, 2010, is attached as Exhibit 1.

28

DATED this 10th day of August, 2010.

BRYAN CAVE LLP

By /s/Melissa R. Costello
      Jay A. Zweig
      Melissa R. Costello
      Two North Central Avenue, Suite 2200
      Phoenix, AZ  85004-4406
      Attorneys for Defendants

**ORIGINAL** filed and **COPY** of
the foregoing mailed this 10th
day of August, 2010, to:

Duane E. Okken
Attorney at Law
8514 East Montecito
Scottsdale, Arizona 85251
Attorneys for Plaintiff

/s/ Patricia Jennings