**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roxanne Rogers, a single woman,<br><br>            Plaintiff,<br><br>vs.<br><br>Brauer Law Offices, PLC, an Arizona professional limited liability company; Adam Brauer, a single man; Steven W. Zachary and Toni Cooper, formerly Toni Zachary, formerly husband and wife; George Somara and Johanna Somara, husband and wife,<br><br>            Defendants. | No. CV-10-1693-PHX-LOA<br><br>**ORDER** |

This case arises on Defendants' Motion to Compel Plaintiff's Responses to Defendants' Second Set of Requests for Production of Documents and Second Set of Interrogatories, filed on August 17, 2011. (Doc. 34) Defendants Brauer Law Offices, PLC, Adam Brauer, Steven Zachary, and George and Johanna Samara ("Defendants") request "an order compelling Plaintiff Roxanne Rogers to respond completely to Defendants' Second Set of Requests for Production of Documents and Second Set of Interrogatories, served on Plaintiff on December 16, 2010 . . . ." (*Id*. at 1) This order is entered prior to receipt of Plaintiff's response because the dispositive motion deadline expires in less than three weeks.

**I. Background**

This civil action alleges violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*., and the Arizona Wage Act, A.R.S. §§ 23-350 *et seq*. (Docs. 10, 14)  On May

12, 2010, Plaintiff filed a complaint against defendants in the Maricopa County Superior Court, and amended the complaint on December 23, 2010, joining spouses as defendants and generally upgrading the complaint. (Docs. 1-1, Exhibit ("Exh") 1 at 2-9; 29). Defendants filed an answer on August 9, 2010, removed this case the next day, and filed an answer to the Amended Complaint on January 4, 2011. (Docs. 1-1, Exh 4 at 15-20; 30) All parties have consented to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Docs. 6-7) On October 4, 2010, the Court entered a case management scheduling order, establishing various deadlines for disclosure of expert witnesses, completion of discovery, and dispositive motions. (Doc. 13) The scheduling order has not been modified to date.

At the October 4, 2010 scheduling conference, with the mutual input and assent of counsel, the Court established a litigation schedule by setting deadlines for, among others, completing discovery by June 17, 2011 and filing dispositive motions by September 9, 2011. (*Id*. at 4) Prior to entering the scheduling order, counsel were advised the Court would enforce the agreed-upon litigation deadlines and viewed compliance with the provisions of the scheduling order critical to its case management responsibilities. The resulting scheduling order, which included the discovery deadline, contained this warning:

> These deadlines are **real**, **firm**, and, consistent with the undersigned's responsibilities mandated by Congress in the Civil Justice Reform Act of 1990, 28 U.S.C. §471 *et seq*., **will not be altered** except only upon a showing of good cause and by leave of the assigned trial judge. The Court intends to enforce the deadlines in this Order. Counsel should plan their litigation activities accordingly. *Hostnut.Com, Inc.v. Go Daddy Software, Inc*., 2006 WL 2573201, * 1 (D. Ariz. 2006).

(*Id*. at 4) (footnote omitted) (emphasis in original).

On August 16, 2011, two months after the discovery deadline, Defendants filed their Motion to Compel, claiming "Defendants have been attempting to work with Plaintiff's counsel to obtain Plaintiff's compliance with discovery for *eight months*," but Plaintiff refuses to produce records that are directly relevant to her overtime wages claim. (Doc. 34 at 1) (emphasis added). According to Defendants, Plaintiff is asserting a claim for uncompensated overtime hours she worked for the law office but Defendants contend they

have no record of Plaintiff working any overtime. Defendants indicate they have asked Plaintiff for evidence of the dates or hours she worked overtime through written discovery and deposition but "Plaintiff has presented no documents showing overtime worked, and her testimony about how many hours she worked and when she worked those hours, in addition to being uncorroborated by any evidence, is wildly inconsistent. See, e.g., Deposition of Roxanne Rogers, dated 6/16/2011[,]" citing numerous portions of Plaintiff's deposition. (*Id*. at 2) (emphasis in original). Specifically, Defendants seek a discovery order that Plaintiff "produce her unredacted cell phone records during the dates of her employment with [the law office]; identify the calls that took place when Plaintiff claims she was working; and for such identified calls, identify the participants, duration, and purpose of each call[,]" and the Court award Defendants their attorneys' fees and costs incurred in preparing the discovery motion pursuant to Rule 37(a)(5). (*Id*. at 2, 9)

The Motion establishes that Defendants' Second Set of Requests for Production of Documents was served on Plaintiff on December 16, 2010, which requested Plaintiff's cell phone records from November 24, 2008 through March 4, 2010, the dates of Plaintiff's employment with the law office. (*Id*. at 3)  In their Second Set of Interrogatories, Defendants asked Plaintiff to identify who placed the call, who received the call, the duration of the call, and the purpose of the call, for the calls on the phone records produced. (*Id*.)  The Court is informed that on January 18, 2011, Plaintiff initially "provided boilerplate objections that the Discovery Requests sought 'information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence;' were 'overbroad;' were intended to harass or actually harassed Plaintiff; and that the Interrogatories were 'not legally served and violate[] FRCP 33' and were "improper as to form." (*Id*.) Thereafter, on March 29, 2011, "Plaintiff delivered redacted copies of her cell phone records from November 24, 2008 to February 12, 2010 only, giving no explanation why the response did not include records between February 13 and March 4, 2010." (*Id*. at 5) Defendants assert the parties had agreed that Plaintiff would specifically identify any calls during which Plaintiff claimed she actually was working for the law offices but Plaintiff

noted no calls as exceptions. (*Id.*)

        The Motion details the phone calls, emails, and letter exchanged between counsel, beginning on February 9, 2011, attempting to resolve the parties' disagreement over the disputed discovery as required by Rule 37(a)(1)[1] and LRCiv 7.2(j)[2] before Defendants' untimely service of their First Set of Requests for Admission on Plaintiff on May 18, 2011. (*Id.*) Defendants' Requests were untimely filed because, absent a court order shortening the response time, Rule 36(a)(3) authorizes the responding party to file responses "within 30 days after being served" with the requests for admission. Rule 36(a)(3), Fed.R.Civ.P. Allotting three days for service by mail, responses are due 33 days after the requests are mailed. Rule 6(d), Fed.R.Civ.P. Thus, the June 17, 2011 discovery completion date expired before Plaintiff's responses were due.[3] Each party's position on their discovery dispute,

---

[1] Federal Rule of Civil Procedure 37(a)(1) provides, in relevant part, that a motion to compel discovery "[m]ust include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37(a)(1), Fed.R.Civ.P.

[2] District of Arizona Local Rule (civil) 7.2(j) mandates that "[n]o discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter. . . ." LRCiv 7.2(j), Rules of Practice of the United States District Court for the District of Arizona.

[3] The scheduling order makes clear that "[c]ompletion of all discovery [was] **Friday, June 17, 2011.**" (Doc. 13 at 5) By serving discovery requests less than 30 days before discovery ended, Defendants failed to leave sufficient time for Plaintiff to respond. As a result, Defendants' discovery request was untimely. *Adobe Systems Inc. v. Christenson*, 2011 WL 1322529, * 2 (D.Nev., April 5, 2011) (motion to compel discovery denied because, among others, "[c]ommon sense dictates that any requests for discovery must be made in sufficient time to allow the opposing party to respond before the termination of discovery[.]" (citation omitted)); *Ross v. Excel Group Flexible Ben. Plan*, 2008 WL 4567229 (D.Ariz., Oct. 14, 2008) (plaintiff's motion to compel denied because his discovery requests were untimely filed less than 30 days before the Rule 16 completion of discovery deadline); *Miller v. Rufion*, 2010 WL 4137278 (E.D.Cal., Oct. 19, 2010); *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (discovery "requests must be served at least thirty days prior to a completion of discovery deadline"; otherwise, the requests are untimely).

however, is irrelevant for purposes of this order because Defendants' Motion is untimely.

**II. Federal Rule of Civil Procedure 16**

### A. Scheduling Orders

Pursuant to Federal Rule of Civil Procedure ("Rule") 16(b)(3), a district court is required to enter a pretrial scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Rule 16(b)(3). Rule 16(b)(4) "provides that a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n. 6 (9th Cir. 2007) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). The scheduling order "controls the course of the action unless the court modifies it[]" and Rule "16 is to be taken seriously." Rule 16(d); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

Rule 16 "recognizes the inherent power of the district court to enforce its pretrial orders through sanctions, Fed. R. Civ. P. 16(f), and the discretion of the [trial] judge to apply an appropriate level of supervision as dictated by the issues raised by each individual case." *In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2009) (citing *e.g.*, Fed. R. Civ. P. 16(c)(2)), *cert. denied*, __ U.S. __, 129 S.Ct. 2852, 2009 WL 1738654 (2009). "A scheduling conference order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril.'" *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D.Me. 1985)).

### B. Good Cause Standard

In *Johnson*, the Ninth Circuit explained that:

> Rule 16(b)[(4)]'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief . . . [T]he focus of the

inquiry is upon the moving party's reasons for seeking modification . . . If that party was not diligent, the inquiry should end.

975 F.2d at 609; *Global Bldg. Systems v. Brandes*, 2008 WL 477876, * 3 (D.Ariz., Feb. 19, 2008) (motion to amend complaint to allege a breach of contract claim denied as untimely filed after amendment deadline. "[P]rejudice is not the relevant inquiry. Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment[,]" citing *Johnson*, 975 F.2d at 609.) (internal quotation marks omitted).

The Ninth Circuit has clarified why the Rule 16 deadlines should be taken seriously:

In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Hostnut.Com, Inc.v. Go Daddy Software, Inc.*, 2006 WL 2573201 * 3 (D.Ariz., Sept. 6, 2006). "[R]ules are rules - and the parties must play by them. In the final analysis, the judicial process depends heavily on the judge's credibility. To ensure such credibility, a [trial] judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines." *Singh v. Arrow Truck Sales, Inc.*, 2006 WL 1867540, * 2 (E.D. Cal, July 5, 2006). Moreover, the Ninth Circuit is highly protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets by recognizing the importance of a "district court's ability to control its docket by enforcing a discovery termination date, even in the face of requested supplemental discovery that might have revealed highly probative evidence, when the [party's] prior discovery efforts were not diligent." *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) ("We hold that the district court was well within its sound discretion when it denied [the party's] motion to reopen discovery."). "The use of orders establishing a firm discovery cutoff date is commonplace,

and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one." *Id*. As the Ninth Circuit has emphasized, "[d]istrict courts have wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion." *Id*. (citation and internal quotation marks omitted).

### C. Discovery Motions Filed After Discovery Closes

Affirming the importance of a scheduling order, numerous courts within the Ninth Circuit have denied discovery motions filed after the close of discovery. *Kizzee v. Walmart, Inc*., 2011 WL 3566881, * 1 (D.Ariz., August 15, 2011) (motion to compel discovery made more than three months after the discovery deadline denied as untimely); *Skinner v. Ryan*, 2010 WL 4602935 (D.Ariz., Nov. 5, 2010) (motion to compel filed over a month after the deadline for bringing discovery disputes to the court's attention denied as untimely); *Christmas v. MERS*, 2010 WL 2695662 (D.Nev., July 2, 2010) (motion to compel filed after the deadline for discovery and dispositive motions untimely); *Oliva v. National City Corp*., 2010 WL 1949600 (D.Nev., May 12, 2010) (motion to compel discovery filed two months after close of discovery denied as untimely); *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D.Nev. 1999) (motion to compel filed 136 days after defendant's initial responses and close of discovery was untimely).

In *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 397 (N.D.Tex. 2006), a motion to compel discovery filed two weeks after an extended discovery deadline expired was denied as untimely. In an comprehensive analysis of cases throughout the federal judiciary, the district court concluded that numerous "courts generally looked to the deadline for completion of discovery in considering whether a motion to compel has been timely filed[,]" citing, among many others, *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001) (finding no abuse of discretion in denying a motion to compel discovery filed after discovery closed and defendants had filed their summary judgment motion); *Rossetto v. Pabst Brewing Co*., 217 F.3d 539, 542 (7th Cir. 2000) (finding no merit to contention that district court's denial of discovery motion was error where the motion was

filed two months after the date set by the court for the completion of discovery and plaintiffs gave no excuse for tardiness); *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 (7th Cir. 2000) (finding no abuse of discretion in denying motion to compel filed after discovery closed and summary judgment motion was filed); *Ginett v. Federal Express*, 166 F.3d 1213, 1998 WL 777998, at * 5 (6th Cir. 1998) (Table) (finding no abuse of discretion when the trial court denied a motion to compel filed two months after the discovery deadline, because the plaintiff knew of the document at issue long before the discovery deadline); *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 94 (1st Cir. 1996) (finding no abuse of discretion by the district court in denying "what was clearly Appellants' untimely motion to compel document production" where "Appellants waited more than one month after the second extended discovery deadline had elapsed to properly request an order from the district court").

After analyzing the many cases on the timeliness issue, the district court in *Days Inn Worldwide* identified several factors the courts have considered in determining whether a motion to compel filed after the discovery deadline was untimely or should be permitted: "1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (7) the age of the case, (8) any prejudice to the party from whom late discovery was sought, and (9) disruption of the court's schedule." 237 F.R.D. at 398. The Court will analyze these factors to determine whether good cause exists to consider Defendants' untimely discovery motion which, if granted, would necessarily result in a *de facto* modification of the scheduling order.

**III. Discussion**

At the outset, the Court acknowledges that neither Rule 16, the scheduling order in this case, nor Rule 37, which governs motions to compel discovery, provide a deadline by which a party must file a motion to compel discovery. Nevertheless, Defendants' Motion was filed two months after discovery and less than a month before the September 9,

2011 dispositive motion deadline, thereby, jeopardizing the orderly resolution of this case by disrupting the carefully-measured scheduling order were the discovery motion considered on the merits. *Oliva*, 2010 WL 1949600 at 4 ("[T]o grant plaintiffs' motion filed both after the close of discovery and after the deadline to file dispositive motions would require the court to modify its scheduling order; plaintiffs have not shown good cause to do so. See Rule 16."). Rather than the parties focusing on dispositive motions, if any, that might reduce or eliminate the issues in dispute, the Court is required to impose one of two disfavored choices: order an expedited briefing schedule on the untimely discovery motion or extend the dispositive motion deadline. Neither choice is conducive to the orderly administration of justice and each is inconsistent with Rule 1, Fed.R.Civ.P. ("These rules . . . should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Significantly, by their own admission, Defendants have known for months of Plaintiff's inadequate discovery responses as a result of their "attempt[s] to work with Plaintiff's counsel to obtain Plaintiff's compliance with discovery for *eight months*[.]" (Doc. 34 at 1) (emphasis added). Nevertheless, Defendants elected to notice and take Plaintiff's deposition on the next to last day to conduct discovery, June 16, 2011, prior to seeking the Court's resolution of the discovery dispute. (Doc. 33) While this Court appreciates, as the rules require, counsels' genuine efforts to personally and informally resolve discovery disputes, there comes a point in time in every case, as deadlines approach, when "the gloves come off" and a motion to compel must be filed. Defendants fail to explain the reason for their delay in filing their discovery motion until after the close of discovery, fail to demonstrate the exercise of diligence justifying such delay, or, despite the exercise of diligence, Defendants could not have reasonably filed their discovery motion before discovery closed. Despite the Court's agreement to a generous period of time to complete discovery after the scheduling conference, Defendants had over eight months, more than a reasonable time, to engage in meaningful discovery and bring a motion to compel. Defendants did not request, prior to its expiration, an extension of the discovery deadline to

file a motion to compel regarding the discovery dispute upon which the parties had been conferring for months.[4] Simply put, Defendants were not diligent in pursuing a discovery motion before the discovery deadline expired.

While no trial has been set and the Court has not previously modified the scheduling order, this case has been pending for over 16 months. If the Court were to consider the merits of Defendants' discovery motion, it would likely frustrate Congress' suggested directive that federal judges provide "early and ongoing control of the pretrial process . . . such that the trial is scheduled to occur within **eighteen months** after the filing of the complaint . . . ." 28 U.S.C. § 473(a)(2), Civil Justice Reform Act of 1990 (emphasis in the scheduling order). Congress' suggested directive is an important case management consideration which was brought to the parties' attention in the October 4, 2010 scheduling order. (Doc. 13, n. 3)

Finally, Defendants do not claim they will be prejudiced if the merits of their discovery motion is not considered. Perhaps this is because, in the Ninth Circuit, "[p]rejudice is not the relevant inquiry. Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Global Bldg. Systems*, 2008 WL 477876 at 3 (quoting *Johnson*, 975 F.2d at 609) (internal quotation marks omitted). "Although the existence or degree of *prejudice to the party opposing the modification* might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification [of the Rule 16 schedule]. If that party was not diligent, the inquiry should end." *Id*. (emphasis added). As previously mentioned, Defendants have not been diligent in pursuing a discovery order before the discovery deadline expired and, therefore, the inquiry will end.

---

[4] While not common, some district courts have allowed untimely motions to compel when the existence of information or documents is not known until after the deadline, or when the moving party had relied on the opposing party's false assurances of compliance. *Allianz Insurance Co. v. Surface Specialties, Inc*., 2005 WL 44534, * 1 (D.Kan., Jan. 7, 2005).

**IV. Conclusion**

        Defendants' have failed to demonstrate good cause to modify the scheduling order's discovery deadline, therefore, Defendants' Motion will be denied.

        **IT IS ORDERED** that Defendants' Motion to Compel, doc. 34, is **DENIED**.

        Dated this 22nd day of August, 2011.

Lawrence O. Anderson
United States Magistrate Judge