1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9  Roxanne Rogers,                    )   No. CV-10-1693-PHX-LOA
                                      )
10            Plaintiff,              )   **ORDER**
                                      )
11  vs.                               )
                                      )
12                                    )
   Brauer Law Offices, PLC, an Arizona)
13  professional limited liability company;)
   Adam Brauer, a single man; Steve Zachary)
14  and Jane Doe Zachary, husband and wife;)
   George Samara and Johanna Samara,)
15  husband and wife,                 )
                                      )
16            Defendants.             )
   _____)

17

18        This matter is before the Court on the motion of Brauer Law Offices, PLC ("BLO"),

19  Adam Brauer, Stephen Zachary, and George and Johanna Samara (collectively referred to

20  as "Defendants") for summary judgment pursuant to Fed.R.Civ.P. ("Rule") 56. (Doc. 37)

   Defendants argue there is no genuine issue of material fact and they are entitled to judgment
21
   as a matter of law because BLO paid Plaintiff the wages to which she was entitled under the
22
   Fair Labor Standards Act ("FLSA") and Arizona's Wage Act, A.R.S. § 23-350 *et seq*. (Doc.
23
   37)  Plaintiff has filed a response in opposition to Defendants' motion, to which Defendants
24
   have replied. (Docs. 55, 62)
25
         All parties have consented to magistrate-judge jurisdiction pursuant to 28 U.S.C. §
26
   636(c). (Docs. 6-7) After consideration of the briefing and applicable law, the Court will
27
   grant summary judgment in favor of Defendants and terminate this action.
28

## I. Background

In her First Amended Complaint, Plaintiff claims that Defendants failed to pay her overtime wages in violation of the Fair Labor Standards Act ("FSLA") and the Arizona Wage Act. (Doc. 29)  Plaintiff worked at BLO as a program coordinator from November 24, 2008 to March 4, 2010. (DSOF ¶¶ 4, 91; PSOF ¶ 4[1])  Plaintiff's employment duties included conducting intake questioning of potential BLO clients and providing that information to BLO's attorneys who determined whether BLO could assist those potential clients. (DSOF ¶¶ 5, 6; (PSOF ¶ 5, 6)

BLO program coordinators were scheduled to work eight-hour shifts and take a one-hour unpaid lunch break, five days a week. (DSOF ¶¶ 6, 18; PSOF ¶ 6)  BLO maintains that it requires its employees to record their time worked by clocking in and out of BLO's telephone system. (DSOF ¶¶ 19-23)  Plaintiff argues that BLO's time records are inaccurate and do not account for overtime. (PSOF ¶ 19)  Defendants argue that Plaintiff was never asked to, and did not need to, work overtime because her position only required that she speak with potential clients during her scheduled shifts. (DSOF ¶¶ 6, 7, 24, 35, 36)  Plaintiff maintains that, "[a]lthough Defendants' Guidebook gave 'lip service' to requiring approval for overtime, . . . they required overtime as a matter of true policy."  (PSOF ¶¶ 35, 36)  Defendants state that, with the exception of three off premises debt-reduction seminars, Plaintiff could not perform her work away from the office because client files were maintained at BLO and could not be remotely accessed. (DSOF ¶¶ 8, 53, 57; PSOF ¶¶ 53, 57)

Plaintiff asserts that BLO violated the FLSA and Arizona Wage Act by failing to pay her overtime.  Defendants state that their records reflect that, during the week of June 8, 2009 and December 7, 2009, Plaintiff worked 41 minutes and 43 minutes over forty hours, respectively. (DSOF ¶¶ 49, 50, 60, 61, 64, 65, 77, 78; Defendants's Exh. J)  BLO paid

---

[1] "DSOF" refers to Defendants' Separate Statement of Facts, doc. 38.  "PSOF" refers to Plaintiff's Statement of Facts, doc. 56.

Plaintiff for the 84 minutes of overtime that she worked.  (DSOF ¶ 50)

As Defendants argue, Plaintiff's allegations of unpaid overtime are unsupported and contradictory.  In her deposition, Plaintiff admitted that she did not work any overtime during her first three months of employment.  (Rogers Deposition - doc. 38, Exhibit ("Exh.") D at 52, 145, 120)  She then claimed that she worked overtime every week of her employment, and later admitted that there were weeks when she took days off and did not work any overtime. (DSOF ¶¶ 66-76; doc. 38, Exh. D at 120)  Plaintiff also testified that she typically worked fifty hours a week during her employment with BLO.  (Doc. 38, Exh. D at 115-117)  Plaintiff later admitted that her initial disclosure statement had represented that she had worked 19 hours of overtime every week. (*Id*. at 117, 180)  Plaintiff further testified that she actually worked "between 10-15 hours" of overtime, and then almost immediately thereafter said she worked "about 19 hours" of overtime a week. (*Id*. at 117-119)  Plaintiff, however, consistently stated that she did not maintain a written record of the overtime hours she worked, cannot attest to any days she worked overtime, and does not have any documentation to support her claims.  (DSOF ¶¶ 47, 51, 52; doc. 38, Exh. D at 83, 78-81, 151, 177, 199, 200)

The record reflects that Defendants never requested or authorized Plaintiff to work overtime.  (DSOF ¶¶ 36, 37) During her deposition, Plaintiff admitted that she never asked Defendants Zachary, Samara, or Brauer if she could work overtime, and never informed them or the human resources department that she had worked any overtime. (DSOF ¶¶ 36, 38, 80, 81; doc. 38, Exh. D at 159-161)   Defendant Zachary, BLO's managing attorney, and Defendant Samara, BLO's director of paralegal and client services, participated in scheduling Plaintiff's five eight-hour shift each week. They did not authorize Plaintiff to work more than forty hours in a week. (DSOF ¶¶ 2, 3, 16, 18, 36, 37)  Defendant Samara never observed Plaintiff work more than forty hours in any week during her employment at BLO. (DSOF ¶ 39-41, 43) Plaintiff admitted during her deposition that she never approached human resources with any concern that she was not being paid overtime. (Doc. 38, Exh. D at 159, 167)

1    **II.  Law on Summary Judgment**

2         A court must grant summary judgment if the pleadings and supporting documents,

3    viewed in the light most favorable to the nonmoving party, "show that there is no genuine

4    issue as to any material fact and that the moving party is entitled to judgment as a matter of

5    law." Rule 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Jesinger v. Nevada*

6    *Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines which

7    facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Jesinger*, 24

8    F.3d. at 1130. In addition, "[o]nly disputes over facts that might affect the outcome of the suit

9    under the governing law will properly preclude the entry of summary judgment." *Anderson*,

10   477 U.S. at 248. The dispute must be genuine, that is, "the evidence is such that a reasonable

11   jury could return a verdict for the nonmoving party." *Id*.

12        A principal purpose of summary judgment is "to isolate and dispose of factually

13   unsupported claims." *Celotex*, 477 U.S. at 323-24.  Summary judgment is appropriate against

14   a party who "fails to make a showing sufficient to establish the existence of an element

15   essential to that party's case, and on which that party will bear the burden of proof at trial."

16   *Id*. at 322; *Citadel Holding Corp. v. Roven*, 26 F.3d 960, 964 (9th Cir. 1994). The moving

17   party need not disprove matters on which the opponent has the burden of proof at trial.

18   *Celotex*, 477 U.S. at 323.

19        The party opposing summary judgment "may not rest upon the mere allegations or

20   denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is

21   a genuine issue for trial." Rule 56(e); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,

22   475 U.S. 574, 586-87 (1986); *Brinson v. Lind Rose Joint Venture*, 53 F.3d 1044, 1049 (9th

23   Cir. 1995). There is no issue for trial unless there is sufficient evidence favoring the

24   nonmoving party. If the evidence is merely colorable or is not significantly probative,

25   summary judgment may be granted. *Anderson*, 477 U.S. at 249-50. However, "[t]he evidence

26   of the non-movant is to be believed, and all justifiable inferences are to be drawn in his [or

27   her] favor." *Id*. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

28        Moreover, under Arizona law on Plaintiff's state law wage claim, "[a] party cannot

1 create a material issue of fact by contradicting her own prior testimony." *Bishop v. State*

2 *Dept. of Corrections*, 172 Ariz. 472, 476, 837 P.2d 1207, 1212 (Az.Ct.App. 1992)

3 **III.  Analysis**

4 **A.  FLSA Claim**

5 The Fair Labor Standard Act, 29 U.S.C. § 201 *et seq*., regulates the wage, hour, and

6 working conditions of American employees. The FLSA requires, *inter alia*, that employers

7 must pay employees overtime wages of one and one-half times their regular rate of pay for

8 each hour worked in excess of 40 hours during a week. 29 U.S.C. § 207(a)(1).[2]  To prevail

9 on her FLSA claim, Plaintiff bears the burden of proving that: (1) Defendants were

10 employers under the FLSA; (2) Plaintiff was an employee under the FLSA; (3) Plaintiff

11 worked overtime; and (4) Plaintiff was not paid overtime for overtime hours worked. An

12 employee bringing an action for unpaid overtime compensation and liquidated damages has

13 the burden of proving that she performed work for which she was not properly compensated.

14 *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946), *superseded in part by*

15 29 U.S.C.A. § 251 *et seq*.

16 The FLSA defines an employer as "any person acting directly or indirectly in the

17 interest of an employer in relation to any employee. . . ." 29 U.S.C. § 203(d). The term

18 "person" is broadly defined to include an "individual." *Id*. Thus, any individual who acts

19 directly or indirectly in the interest of the employer is subject to individual liability under the

20 FLSA. *Chao v. Vidtape, Inc*., 196 F.Supp.2d 281, 284-286 (E.D.N.Y. 2002) (finding

21 president of marketing company was an "employer" under the FLSA because he had the

22 power to hire, fire, supervise employees, set work schedule and determine rate of pay for

23

24 [2]  29 U.S.C. § 207(a)(1) provides that: "Except as otherwise provided in this section,
no employer shall employ any of his employees who in any workweek is engaged in
25 commerce or in the production of goods for commerce, or is employed in an enterprise
26 engaged in commerce or in the production of goods for commerce, for a workweek longer
than forty hours unless such employee receives compensation for his employment in excess
27 of the hours above the specified at a rate not less than one and one-half times the regular rate
28 at which he is employed."

1  employees). There is no dispute that BLO is an employer under the FLSA. Likewise, there
2  is no dispute that Plaintiff was an employee of BLO, and that her position was not exempt
3  from the FLSA's overtime requirements.

4        Plaintiff asserts that she consistently worked more than 40 hours a week for
5  Defendants. An employee bringing an action for unpaid overtime compensation and
6  liquidated damages has the burden of proving that she performed work for which she was not
7  properly compensated. *Mt. Clemens Pottery Co.*, 328 U.S. at 686-87. Additionally, an
8  employer has the duty under the FLSA to keep proper records of wages, hours, and other
9  conditions of employment, and is in the position to produce the most probative facts about
10 the nature and amount of work performed. *Id.*

11       **1.  Time Records**

12       The record in this case includes BLO's regular daily time records displaying the hours
13 Plaintiff worked for BLO. (DSOF ¶¶ 16-20, 22, 25-28; Exh. J)  These records do not show
14 any overtime hours for which Plaintiff was not compensated. (DSOF ¶¶ 33, 49, 50; Exh. J)
15 Plaintiff's unsupported allegation that BLO's time records are inaccurate does not create a
16 material issue of fact on this issue. BLO required its employees to record their work hours
17 by logging onto their phones promptly upon arriving at work and to clock out by logging out
18 before leaving work in the evening. (DSOF ¶¶ 20, 22, 23) BLO's record keeping systems
19 complied with FLSA's record keeping requirements, which provide that employers subject
20 to the FLSA "shall make, keep, and preserve such records of the persons employed by him
21 and of the wages, hours, and other conditions and practices of employment maintained by
22 him, and shall preserve such records for such periods of time . . . as necessary or appropriate
23 for the enforcement of the provisions of this chapter. . . ." 29 U.S.C. § 211(c); *see also* 29
24 C.F.R. § 516.2(a)(5) (requiring employers to maintain and preserve payroll records).  BLO's
25 timekeeping method complied with the Department of Labor's statement that employers can
26 use "any timekeeping method they choose," provided the method is "complete and accurate."
27 See Recordkeeping Requirements under the Fair Labor Standards Act, Wage and Hour
28 Division Fact Sheet No. 21 (Rev. July 2008).

1    Plaintiff has not presented any evidence creating a genuine issue of fact regarding the

2    accuracy of Defendants' time records.  In *McLauglin v. Ho Fat Seto*, 850 F.2d 586, 588 (9th

3    Cir. 1988), all five employees who testified indicated that the employer's time records were

4    inaccurate by explaining that they all began work each day at the same time as each other,

5    but were not allowed to clock in until thirty minutes after they started working. 850 F.2d at

6    588. Three of the five employees testified that they continued working after punching out for

7    the day.  *Id.*  Similarly, in *Mt. Clemens Pottery*, the employer's time records were inaccurate

8    because, due to a fourteen minute rounding system, the employees were all required to be at

9    work for a substantial amount of time not included in the time records.  *Mt. Clemens Pottery*,

10   328 U.S. 680.

11   Unlike the foregoing cases, Plaintiff has not presented evidence creating a genuine

12   issue of fact regarding the accuracy of Defendants' time records. She has submitted the

13   affidavits of two former BLO employees, Andrew Ernstrom and Jermaine Jordan, in support

14   of her claim. (Doc. 56, Exhs. B, C)  Ernstrom worked at BLO from February 2009 to June

15   2009. (Doc. 56, Exh. B) He states that Plaintiff "typically" got to work by 7:00 a.m.,

16   "sometimes earlier" (*Id.*) She "typically work[ed] until 6:00 p.m., sometimes later, Monday

17   thru (sic) Thursdays. As to Fridays, [Ernstrom] personally observed that [Plaintiff] would

18   typically work until 5:00 p.m." (*Id.*) Enstrom further attests that Plaintiff worked at her desk

19   while eating her lunch, and worked two Saturdays a month for three to four hours.  (*Id.*)

20   Jermaine Jordan worked at BLO before Plaintiff's employment with BLO began to

21   June 2009. (Doc. 56, Exh. C)  He attests that he sometimes arrived to work "as early as

22   approximately 7:00 a.m.", and on those days, Plaintiff was "typically" there by 7:00 a.m.

23   (*Id.*, ¶¶ 4-5) Jordan further states that he "[o]ftentimes work[ed] late (even after 6:00 p.m.)[]"

24   and "[t]ypically when [he] worked late, even as late as after 6:00 p.m, [Plaintiff] was still

25   working until at least 6:00 p.m., sometimes later." (*Id.*, ¶¶ 4, 6)  Jordan also attests that, in

26   order to achieve the quotas set by BLO, employees had to work overtime. (*Id.*, ¶ 9)

27   Although Ernstrom and Jordan state that Plaintiff "typically" arrived early on some

28   days, "typically" left late on other days, and worked some Saturdays, neither Ernstrom nor

1    Jordan attests that BLO's time records were inaccurate, or that they - or other BLO
2    employees - were required to work off the clock. (*Id.*)  Additionally, neither attests to
3    having personal knowledge regarding whether Plaintiff's time was inaccurately recorded.

4         The Court finds there is no genuine issue of material fact regarding the accuracy of
5    Defendants' timekeeping method and that the records of Plaintiff's hours worked during her
6    employment for BLO show that Plaintiff did not work any overtime for which she was not
7    compensated. Moreover, as discussed below, even if Defendants' records were found in
8    accurate, Plaintiff still fails to meet her burden of proof.

9         **2.   Inaccurate Time Records**

10        Plaintiff alleges that Defendants' time records are "falsified."  (DSOF ¶ 82; PSOF ¶
11   82) However, Plaintiff admits that she has no facts to support her claim that Defendants
12   falsified her time. (DSOF ¶ 82; doc. 38, Exh. D at 78-81, 83, 1515, 177, 199, 200, 208) She
13   testified that she does not "have any evidence that [the time records] are falsified." (Doc. 38,
14   Exh. D at 209) She asserted that the hours reflected are inaccurate "[b]ased on [her]
15   memory." (*Id.* at 208) Moreover, even if Defendants' time records are inaccurate, Plaintiff's
16   claim still fails.  When an employer's records are inaccurate or inadequate, and the employee
17   cannot offer convincing substitutes, the court should not penalize the employee by denying
18   recovery.  Rather, the employee is deemed to have met her burden if she proves that: (1) she
19   in fact performed work for which she was not compensated; and (2) she produces sufficient
20   evidence to show an amount of overtime worked that permits the court to make a "just and
21   reasonable inference" of the overtime wages that should be paid to the employee.  *Mt.*
22   *Clemens Pottery Co.*, 328 U.S. at 686-87. *See also Brock v. Seto*, 790 F.2d 1446, 1448 (9th
23   Cir. 1986) (quoting *Mt. Clemens Pottery*, 328 U.S. at 687). Once the employee meets her
24   burden of establishing a *prima facie* case, the burden shifts to the employer to produce
25   evidence of the precise amount of work performed or with evidence to negate the
26   reasonableness of the inference drawn from the employee's evidence. *Mt. Clemens Pottery*,
27   328 U.S. at 687-88. Plaintiff has not shown that there is a material issue of fact on the
28   elements of a *prima facie* case.

1      First, there is no evidence creating a genuine issue of fact regarding whether Plaintiff

2   performed work for which she was improperly compensated. *Brock*, 790 F.2d at 1447-48 (an

3   employee seeking to recover unpaid wages has the burden of proving she performed work

4   for which she was not properly compensated.)  Rather, the evidence shows that BLO paid

5   Plaintiff for all the hours recorded in its time records for which Plaintiff was scheduled.

6   Plaintiff has not specified any other hours that she worked for which she did not receive

7   compensation and admitted she did not keep records of her time.  (DSOF ¶¶ 20-22, 25-28,

8   32, 33, 38, 47-52, 95, 97; doc. 38, Exh. D at 78-81, 83, 145, 151, 177, 199, 200)  Although

9   not controlling, the Tenth Circuit's decision in *McKnight v. Kimberly Clark Corp*., 149 F.3d

10   1125, 1130 (10th Cir. 1998), is instructive. In *McKnight*, the court affirmed summary

11   judgment for the employer, finding that "failure to record claimed time is fatal to a later

12   claim for [the time], if the company has no reason to be aware of the overtime.").

13      Second, despite the requirement that Plaintiff produce "some evidence to show the

14   amount and extent of that work," she performed, Plaintiff has not produced any evidence

15   showing the amount and extent of work for which she claims she was not compensated.  See

16   *McLaughlin v. Seto*, 850 F.2d 586, 589 (9th Cir. 1988) (citing *Mt. Clemens Pottery*, 328 U.S.

17   at 687); (DSOF ¶ 47). Plaintiff's contradictory statements and inconsistent testimony

18   regarding the numbers of hours she worked do not create a genuine issue of material fact.

19   *See Bodett v. CoxCom, Inc.*, 366 F.3d 736, 748 (9th Cir. 2004) (finding plaintiff could not

20   create an issue of fact by an affidavit contradicting her prior testimony and affirming

21   summary judgment); (DSOF ¶¶ 48, 66-76; PSOF ¶ 48, 66-76)  Likewise, the Ernstrom and

22   Jordan affidavits do not give rise to a just and reasonable inference of the amount of work

23   that Plaintiff performed at BLO. Ernstrom only worked for BLO during four of the sixteen

24   months of Plaintiff's employment. (Doc. 56, Exh. B)  Jordan worked with Plaintiff for seven

25   months of her employment. (Doc. 56, Exh. C)  Neither Jordan's nor Ernstrom's affidavit

26   creates a reasonable inference that Plaintiff worked over forty hours during any particular

27   week. As previously discussed, Jordan stated that when he "sometimes" arrived early, and

28   "oftentimes" worked late, Plaintiff would "typically" already be in the office or "sometimes

[leave] later" than Jordan. (*Id*.)  Similarly, Ernstrom states that Plaintiff "typically" arrived before 7:00 a.m. and left after 6:00 p.m. (Doc. 56, Exh. B)  Although both Jordan and Ernstrom generalize about Plaintiff's work habits, neither attests to having observed Plaintiff work over forty hours during any given week.  Additionally, neither attested that they always worked the same schedule as Plaintiff.

Ernstrom's and Jordan's generalizations about Plaintiff's work hours on unspecified days are not sufficient to create a genuine issue of fact for jury resolution. "It is not enough that [the] affiant *assert* that he or she has personal knowledge of the facts recited; the facts themselves must show that they are matters known to the affiant personally and are not based on hearsay or upon [speculation]." *Allen v. International Telephone and Telegraph Corp*., 164 F.R.D. 489, 492 (D.Ariz. 1995) (refusing to consider plaintiff's affidavit at summary judgment stage because plaintiff failed to establish the appropriate foundation) (citing, *e.g*., *Cermetek, Inc. v. Butler Avpak, Inc*., 573 F.2d 1370, 1377 (9th Cir. 1978) (emphasis in original); see also *Shane v. Greyhound Lines*, *Inc*., 868 F.2d 1057, 1061 (9th Cir. 1989) (stating that "conclusory allegations [in affidavit] not backed up by statement of fact . . . cannot defeat a motion for summary judgment) (citation omitted)).  Jordan speculates when he states that, on days that he worked as late at 6:00 p.m., Plaintiff "sometimes [worked] later."  (Doc. 56, Exh. C)   Jordan does not explain the basis of his personal knowledge of how long Plaintiff worked after he had left for the day. In short, the Ernstrom and Jordan affidavits do not preclude summary judgment. *Mochnach v. Ohio Valley General Hospital*, 2005 WL 2070946, * 1 (W.D.Pa. Nov. 16, 2005) (granting summary judgment in favor of employer on FLSA claim, noting that, "[i]f the non-moving party's evidence merely is colorable or lacks sufficient probative force summary judgment must be granted.") (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50 (1986)).  Because there is no evidence creating a genuine issue of material fact regarding whether Plaintiff performed work for which she was improperly compensated, and no evidence of the amount and extent of Plaintiff's allegedly uncompensated work, there is no just and reasonable inference that Plaintiff was uncompensated for any overtime work. *Brock*, 790 F.2d at 1449.

**C.  Actual or Constructive Knowledge of Overtime Work**

Finally, even if Plaintiff worked unpaid overtime, Defendants are still entitled to summary judgment because there is no evidence that Defendants were aware Plaintiff worked any overtime. (DSOF ¶¶ 36, 38, 43, 80-81) As used in the FLSA, "'[e]mploy' includes to suffer or permit to work." 29 U.S.C. § 203(g). "[T]he words 'suffer' and 'permit' as used in the statute mean 'with the knowledge of the employer.'" *Fox v. Summit King Mines*, 143 F.2d 926, 932 (9th Cir. 1944).  Thus, courts have interpreted the FLSA to require that employers have knowledge of unpaid overtime. *Forrester v. Roth's IGA Foodliner*, 646 F.2d 413, 414 (9th Cir. 1981) (affirming summary judgment for employer); *Doe v. U.S.*, 372 F.3d 1347, 1361 (Fed.Cir. 2004) (stating that, for time to be compensable under the FLSA, employer must know or have reason to believe the employee is continuing to work).

Defendants did not know, or have reason to know, of Plaintiff's alleged overtime. Despite BLO's written policy, there is no evidence Plaintiff ever asked for authorization to work overtime, or advised anyone at BLO that she was working over forty hours per week. (DSOF ¶¶ 36, 38, 80, 81)  Plaintiff admitted that she never expressed any concern to human resources about not receiving overtime compensation. (Doc. 38, Exh. D at 159)  Plaintiff contends that she "repeatedly testified that she asked Defendant Zachary about being paid overtime." (PSOF ¶ 80, 81; doc. 38, Exh. D at 165-166)  However, in the portion of the deposition transcript upon which she relies, Plaintiff stated that she had talked to Defendant Zachary about overtime either in 2008 shortly after she started working at BLO or in 2010, and was told she was not entitled to overtime. (Doc. 38, Exh. D at 165-66)  She then stated that she could not remember when she talked to Defendant Zachary about overtime and that, after January 1, 2010, she did not tell anyone at BLO that there were any errors in her paychecks. (*Id*. at 166-167)  Plaintiff's testimony, at most, establishes that she generally inquired of Defendant Zachary about overtime, but could not recall when.  Defendants testified that they never observed Plaintiff working overtime. (DSOF ¶¶ 39-43)  Upon discovering that Plaintiff had worked 84 minutes of overtime in 2009, Defendants compensated Plaintiff for that overtime work. (DSOF ¶ 50)

1    Additionally, Plaintiff admits that she never told Defendants she was working over

2    forty hours per week. (DSOF ¶¶ 17, 18, 33, 36-42, 80, 81) Plaintiff has not specified any

3    hours that she worked for which she did not receive compensation and admitted she did not

4    keep records of her time. (DSOF ¶¶ 20-22, 25-28, 32, 33, 38, 47-52, 95, 97; doc. 38, Exh.

5    D at 78-81, 83, 145, 151, 177, 199, 200) The Tenth Circuit's decision in *McKnight*, 149 F.3d

6    at 1130, is again instructive. In that case, the court affirmed summary judgment for the

7    employer, finding that "failure to record claimed time is fatal to a later claim for [the time],

8    if the company has no reason to be aware of the overtime." *Id*.

9    **D.  Arizona Wage Claim**

10    Plaintiff also asserts a claim for unpaid overtime under A.R.S. § 23-350, *et seq*.

11    Based on the Court's decision on Plaintiff's FLSA claim, Plaintiff's state law claim also fails.

12    Arizona Revised Statutes § 23-351(C)(3) provides that "[o]vertime or exception pay shall be

13    paid no later than sixteen days after the end of the most recent pay period." A.R.S. §

14    23-353(A) provides that when "an employee is discharged from the service of an employer,

15    he shall be paid wages due him within three working days or the end of the next regular pay

16    period, whichever is sooner." *Id.*

17    Plaintiff alleges that Defendants were obligated to pay overtime under the FLSA, and

18    that the overtime pay was not timely paid as required by §§ 23-351 and 23-353. (Doc. 29 at

19    6-7) If an employer violates §§ 23-351 and 23-353 and fails to pay wages due any employee,

20    the employee may bring a civil action against the employer and may recover "an amount

21    which is treble the amount of the unpaid wages." A.R.S. § 23-355. Plaintiff's state law claim

22    is based on her unsupported allegations that Defendants failed to pay her for overtime.

23    (DSOF ¶ 96) Plaintiff admits that BLO paid her for all other wages to which she was

24    entitled. (DSOF ¶¶ 95-97; Doc. 38, Exh. D at 259-60) Because the undisputed facts are that

25    Plaintiff received all the wages to which she was entitled, her claim for unpaid wages under

26    Arizona law fails. A.R.S. § 23-350.

27    **IV.  Conclusion**

28    In summary, Plaintiff has not shown the existence of a genuine issue of material fact

1   to warrant a trial. Other than Plaintiff's inconsistent and uncorroborated testimony, there is

2   no evidence that Defendants failed to pay Plaintiff wages to which she was entitled, or to

3   create a reasonable inference thereon. Rather, the record indicates that BLO paid Plaintiff for

4   all the hours she worked. Because Defendants have paid Plaintiff for the hours she worked,

5   and do not owe her additional compensation, they have not violated FLSA or the Arizona

6   Wage Act. The FLSA and Arizona Wage Act cannot fairly be construed to permit an

7   employee to force an employer to proceed to a jury trial and incur significant associated

8   attorneys' fees and costs based solely on the employee's inconsistent and uncorroborated

9   testimony. Defendants are entitled to summary judgment on the Amended Complaint.

10      Based on the foregoing,

11      **IT IS ORDERED** that Defendants' Motion for Summary Judgment, doc. 37, is

12   **GRANTED**. The Clerk is kindly directed to terminate this action.

13      Dated this 9th day of February, 2012.

Lawrence O. Anderson
United States Magistrate Judge